

FILED

JUN 2 9 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHANAEL LENARD REYNOLDS, )
)
Plaintiff, )
)
v. ) Civil Action No. 17-1104 (UNA)
)
UNITED STATES DISTRICT COURT )
OF SOUTH CAROLINA, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

Plaintiff brought this civil rights action against the magistrate judge who recommended, and the district judge who ordered, the dismissal of a civil action he filed in the United States District Court for the District of South Carolina.[1] According to plaintiff, these defendants deprived him of rights protected under the First, Seventh and Fourteenth Amendments. He demands injunctive relief and compensatory and punitive damages.

Judges, such as the defendants in this action, enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a judge's dismissal of a civil action is an action taken in his judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam) (affirming dismissal on judicial immunity grounds claim against United States Tax Court Judge

---

[1] *Reynolds v. South Carolina*, No. 2:17 CV 681, 2017 WL 1381008, at *2 (D.S.C. Apr. 18, 2017) (dismissing case for failure to state a claim and as frivolous, and assessing a "strike" for purposes of 28 U.S.C. § 1915(g)), *appeal docketed*, No. 17-6759 (4th Cir. June 14, 2017).

where "[t]he action about which appellant complains – ruling on a motion to dismiss a tax court petition – was well within the judge's judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that the judges' "actions are taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), these defendants "are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Id.* at 1461 (citations omitted).

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss this action. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 28 June 2017

/s/ Rosemary M. Collyer
United States District Judge